# Exhibit 10

FORM B10 (Official Form 10) (Rev. 4/98)

UNITED STATES BANKRUPTCY Case 8:... Doc 487-3 Filed 05/27/09 Entered 05/27/09 10:55:25 Desc
CENTRAL DISTRICT OF CALIFORNIA
Exhibit Exhibit Part Page 2 of 52

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor**
DFJ ITALIA, LTD.

**Case Number**
SA 00-12295 JR

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property): James Ian Thomas

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and address where notices should be sent:**
1478 Rockwell Rd
Abington, PA 19001

☐ Check box if you have never received any notices from the bankruptcy court in this case.

**Telephone number:** 215-572-8481

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**Account or other number by which creditor identifies debtor:**
100000697

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other *Investment*

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
- ☐ Wages, salaries, and compensations (Fill out below)

Your SS #: ___-__-____

Unpaid compensation for services performed
from _____ (date) to _____ (date)

**2. Date debt was incurred:** 8/9/99

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 21,400

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate
- ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**

☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 21,400
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (_____).

* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

C#244
5/3/05

**Date**
12/24/00

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Juliet Thomas for James Ian Thomas — Minor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Supplemental Information Request

If you hold a claim against the Debtor as of March 20, 2000, you must fill out the attached Proof of Claim form in order for the Trustee to recognize your claim. The following supplemental information request does not replace the Proof of Claim form. The following information is being requested by the Trustee to supplement the Debtor's records and bank documentation. This information will assist the Trustee in the evaluation of the accuracy and completeness of the Debtor's records and in the processing of claims. If you did not invest in investment programs of the Debtor, you do not need to complete this form.

**ACCOUNT HOLDER NAME**   *James Dan Thomas*

| | Investment 1 | Investment 2 | Investment 3 | Investment 4 | Investment 5 |
|---|---|---|---|---|---|

### INVESTMENT OR LOANS

| | | Investment 1 | Investment 2 | Investment 3 | Investment 4 | Investment 5 |
|---|---|---|---|---|---|---|
| 1 | Amount Invested | $ 20,000 | $ | $ | $ | $ |
| 2 | Date Invested | 8/9/99 | | | | |
| 3 | Investment form (cash, check, wire, etc) | Check | | | | |
| 4 | Payee - Who was check payable to? | DFJ Italia | | | | |
| 5 | Source of Funds (IRA, Pension, 401K, etc) | College Fund | | | | |
| 6 | Principal repaid | 0 | | | | |
| 7 | Investment Program (Finivest, Diamond, etc) | Finivest | | | | |

### DIVIDENDS and/or INTEREST

Total Dividends or Interest received   $ _1600_

How were the Dividends or Interest payments made?  (check, cash, wire)   _Rollover_

Frequency of Dividends or Interest payments (monthly, qtrly, etc)   _monthly_

Were Dividends or Interest payments added to your principal rather than paid?   _added to Principle_

### OTHER

DFJ sales representative   _Guy Scarpelli_

What rate of Interest or return promised?   _24_ %

Did you receive DFJ Account Ledgers or statements?   (YES)   NO

### SUPPORTING DOCUMENTS

EXHIBIT __10__   PAGE __131__

Please attach copies of supporting documents, such as loan agreements, account ledger statements, correspondence, etc. Do not send originals. If you have previously sent your supporting documents to the Trustee, please disregard.

# DFJ Italia, Ltd.

| | | |
|---|---|---|
| **Account Num** 10000697 | **SSN/Tax ID** | **10/17/99** |
| | | **Page** 1 |
| **Account Address** Thomas, James Ian | | |
| 25885 Trabuco Rd. #185 | | **Statement Period:** |
| Lake Forest, CA 92630 | | **From** 09/16/99 |
| US | | **Thru** 10/15/99 |

| | | |
|---|---|---|
| | **Account Type** 001 | **Beginning Balance** |
| **Phone** (949) 586-1147 | **Account Rep** 003 | $20,000.00 |

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-2834 | 10/15/99 | 001 | Dividend Earnings | | 400.00 |
| DFJ-2834 | 10/15/99 | 004 | Dividend Payout | 400.00 | |
| | | | **Total Activity** | **400.00** | **400.00** |

**Ending Balance**
$20,000.00

EXHIBIT 10 PAGE 132

DFJ • 18881 Von Karman Avenue, Suite 220 • Irvine, CA 92612 • (949) 955-2490

# DFJ *Inc.*

| | | |
|---|---|---|
| **Account Num** 10000697 | **SSN/Tax ID** | 02/17/00 |
| | | **Page** 1 |

**Account Address**
Thomas, James Ian
25885 Trabuco Rd. #185
Lake Forest, CA 92630
US

**Statement Period:**
From 01/16/00
Thru 02/15/00

**Phone** (949) 586-1147

**Account Type** 001
**Account Rep** 003

**Beginning Balance**
$20,000.00

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-3294 | 02/15/00 | 001 | Dividend Earnings | | 400.00 |
| DFJ-3294 | 02/15/00 | 004 | Dividend Payout | 400.00 | |
| | | | **Total Activity** | **400.00** | **400.00** |

**Ending Balance**
$20,000.00

EXHIBIT 10 PAGE 133

DFJ • 18881 Von Karman Avenue • Suite 220 • Irvine, CA 92612-1574 • (949) 955-2490 • Fax (949) 955-2497

# DFJ *Italia, Ltd.*

| | |
|---|---|
| **Account Num** 10000697 | **SSN/Tax ID** |

**Account Address**
Thomas, James Ian
25885 Trabuco Rd. #185
Lake Forest, CA 92630
US

**11/17/99**
**Page** 1

**Statement Period:**
**From** 10/16/99
**Thru** 11/15/99

**Phone**   (949) 586-1147

**Account Type** 001
**Account Rep** 003

**Beginning Balance**
**$20,000.00**

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-2948 | 11/15/99 | 001 | Dividend Earnings | | 400.00 |
| DFJ-2948 | 11/15/99 | 004 | Dividend Payout | 400.00 | |
| | | | **Total Activity** | **400.00** | **400.00** |

**Ending Balance**
**$20,000.00**

EXHIBIT ___1D___ PAGE 134

DFJ • 18881 Von Karman Avenue, Suite 220 • Irvine, CA 92612 • (949) 955-2490

Account Ledger

| | | |
|---|---|---|
| **Account Number** 10000697 | **SSN/Tax ID** | **Statement Date:** 08/12/99 |
| | | Page 1 |

**Account Holder**   Thomas, James Ian

**Address**      25885 Trabuco Rd. #185
Lake Forest, CA 92630
US

**Phone**      (949) 586-1147

**Account Type** Finivest

**Account Rep**   Guy F. Scarpelli

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-25735 | 08/09/99 | * | Initial Deposit | | 20,000.00 |
| | | | **Total Activity** | **0.00** | **20,000.00** |

**Ending Balance**
**$20,000.00**

EXHIBIT _10_ PAGE _135_

# DFJ *Italia, Ltd.*

| | | |
|---|---|---|
| **Account Num** 10000697 | **SSN/Tax ID** | **08/18/99** |
| | | **Page**       1 |
| **Account Address** Thomas, James Ian | | |
| 25885 Trabuco Rd. #185 | | **Statement Period:** |
| Lake Forest, CA 92630 | | **From** 07/16/99 |
| US | | **Thru** 08/15/99 |
| | **Account Type** 001 | **Beginning Balance** |
| **Phone**       (949) 586-1147 | **Account Rep**   003 | $0.00 |

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-2573 | 08/09/99 | * | Initial Deposit | | 20,000.00 |
| | | | **Total Activity** | **0.00** | **20,000.00** |

**Ending Balance**
$20,000.00

## *Finivest Bridge Funding*
## *Investment/Loan Agreement*

DFJ, the "Managing Director" hereinafter referred to as "MD," of the Finivest Bridge Fund, and
*James Ian Thomas* _____, the "Bridge Associate," hereinafter referred to as "BA," agree:

That "MD" solely owns and controls one hundred percent of all outstanding shares in the Finivest Bridge Fund; and

That "BA" acknowledges and ratifies that he/she, by way of its investment, holds no shares, stocks, partnership shares (general or limited) in neither DFJ, Finivest, LTD, Finivest Bridge Fund, nor any of their subsidiaries.

ALSO, the "BA" shall have no right at any time to audit the books and records of the "MD," its subsidiaries, holding, officers and employees; nor shall the "BA," his/her agent(s), representative(s) have any voice in the day-to-day operations of either Finivest Bridge Fund, or the "MD."

*James Ian Thomas* 's Sole Relationship to the FUND and the "MD" is best described as a *Bridge Fund Depositor*, or *Bridge Associate*.

*James Ian Thomas* _____ shall be admitted as a Depositor upon the terms and conditions set forth herein:

The "BA" shall place on deposit with the Managing Director, DFJ, the sum of *20,000.00* $US for a period of eighteen months, during which the "BA" agrees not to withdraw any portion of the principle. Upon completion of the initial term of the investment/loan agreement, it shall be automatically renewed at a guaranteed 24% annual interest rate for another eighteen-month period unless the "BA" notifies the "MD" in writing that he/she desires to terminate his/her investment/loan agreement.

Except for the initial eighteen-month period, the "BA" may choose to terminate, in writing, his/her contract at any time for any reason. Upon receipt of written notifications of termination of his/her investment/loan agreement, the "MD" shall deliver to the "BA" his/her principle deposit plus accrued interest within 14 days of said notice.

If the "BA" chooses to terminate the contract prior to the initial 18 month agreement, the "MD" shall deliver the principle investment minus all interest paid to "BA" within 14 days of said notice.

Upon Death, incapacity, or legal disability of the "BA," the "MD" shall contact said beneficiary and offer the option of returning said principle and accrued interest within 14 days or leaving said contract in place and allow the beneficiary to assume said contract and receive all interest payments from that day forward.

The "MD" shall pay a guaranteed annual interest rate of 24% on the principal deposit.

Interest payments on the principal deposit shall be paid monthly at the rate of 2% per month based on the initial investment deposit amount in $US.

The "BA" understands that Finivest Bridge Fund is a DFJ offshore investment vehicle and is not responsible to report to the United States Government any earnings, dividends or interest payments made to its Investment/Loan Depositors (BA).

EXHIBIT 10    PAGE 137

It is the Depositors responsibility to report all earnings to the United States Government and pay the appropriate taxes.

The "BA" agrees to indemnify and hold harmless the Finivest Bridge Fund, DFJ, its subsidiaries, holding, officers and employees in the event of any legal action taken by the United States Government and its agencies for nonpayment of taxes. Finivest Bridge Fund Bank is backed and guaranteed by DFJ Italia, LTD.

I would like my monthly interest payments in the form of (select one):

☐ Check
☐ Wire Transfer into my personal account
☐ Direct deposit to offshore account
☒ Roll Over

**Make checks payable to DFJ**

*Dividends begin on Sept. 15th, 1999 at $400.00 per month*

Depositor name and address:

| Name | Patricia Aiken |
|------|----------------|
| Street Address | 25885 Trabuco Rd #185 |
| City/State/Zip code | Lake Forest CA 92630 |
| Telephone | (949) 586-1147 |
| E-Mail/Fax | |

DOB:_____ Soc. Sec. #_____-____-_____ Drivers Lic. # _____

Beneficiary name and address:

| Name | Grant Joseph Thomas (brother) |
|------|-------------------------------|
| Street Address | |
| City/State/Zip code | |
| Telephone | |
| E-Mail/Fax | |

DOB:_____ Soc. Sec. #_____-____-_____ Drivers Lic. # _____

DFJ Representative:

| Name | Guy F. Scarpelli |
|------|------------------|
| Street Address | 18881 Von Karman Ave. Suite 220 |
| City/State/Zip code | Irvine, CA. 92612 |
| Telephone | 949-955-2490 x 206 |
| E-Mail/Fax | Guy@DFJItalia.com / 949-955-2497 |

Agreed to and signed this day: 8/9/99          Representative:

_____                          _____
Signature of Depositor                            Guy F. Scarpelli
                                                  18881 Von Karman Ave. Suite 220
                                                  Irvine, CA. 92612
                                                  949-955-2490 Ext. 206    EXHIBIT 1D  PAGE 138

## SALOMON SMITH BARNEY

19000 MacArthur Boulevard, Penthouse, P.O. Box 7640, Newport Beach, CA 92658-7640

Bank of America
State Bank
A BankAmerica Company

Pay to the order of

EXACTLY 20 THOUSAND  DOLLARS  NO  CENTS

DFJ ITALIA

VOID AFTER 180 DAYS
FROM ISSUANCE

0 0561 59995

90-4182
1211

| Amount | |
|---|---|
| ****20,000.00 | |
| Account Number | |
| 561 09218 1 8 | |
| Date | |
| 08/09/99 | |

Authorized Signature
Authorized Signature

Two Signatures Required If Over $25,000.00

⑆005 6 1 59995⑆ ⑆1 2 1 1 4 1 8 2 ⑆  7 3 1 3 6 ⑈00 1 8 7⑈

EXHIBIT 10 PAGE 139

# Exhibit 11

**UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA** | **PROOF OF CLAIM**

Name of Debtor
DFJ ITALIA, LTD.

Case Number
SA 00-12295 JR

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

DONALD R. PROCTOR

Name and address where notices should be sent:

DONALD R. PROCTOR
P.O. BOX 381074
B'ham, AL. 35238

Telephone number:

- ☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☒ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

00 DEC 27  AM 10: 42

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIF

BY:_____ DEPUT

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other  Finvest Bridge Funding Loan Agreement  Investment

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your SS #:_____
  Unpaid compensation for services performed
  from _____ (date) to _____ (date)

**2. Date debt was incurred:** 12/9/98

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**  $60,500.00
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- ☐ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief Description of Collateral:
  - ☐ Real Estate   ☐ Motor Vehicle
  - ☐ Other _____
  Value of Collateral: $_____
  Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Priority Claim.**
- ☒ Check this box if you have an unsecured priority claim.
  Amount entitled to priority $ 60,500.00
  Specify the priority of the claim:
  - ☐ Wages, salaries, or compensations (up to $4,300), earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
  - ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
  - ☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
  - ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
  - ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
  - ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
  * Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: 12/24/00

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Donald R. Proctor  /DONALD R. PROCTOR

THIS SPACE IS FOR COURT USE ONLY

# 251
5/13/05

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT  11  PAGE 140

### Supplemental Information Request

If you hold a claim against the Debtor as of March 20, 2000, you must fill out the attached Proof of Claim form in order for the Trustee to recognize your claim. The following supplemental information request does not replace the Proof of Claim form. The following information is being requested by the Trustee to supplement the Debtor's records and bank documentation. This information will assist the Trustee in the evaluation of the accuracy and completeness of the Debtor's records and in the processing of claims. If you did not invest in investment programs of the Debtor, you do not need to complete this form.

**ACCOUNT HOLDER NAME**  Donald Proctor

## INVESTMENT OR LOANS

| | Investment 1 | Investment 2 | Investment 3 | Investment 4 | Investment 5 |
|---|---|---|---|---|---|
| 1 Amount Invested | $50,000.00 | $ | $ | $ | $ |
| 2 Date Invested | 12/9/98 | | | | |
| 3 Investment form (cash, check, wire, etc) | Check | | | | |
| 4 Payee - Who was check payable to? | DFJ | | | | |
| 5 Source of Funds (IRA, Pension, 401K, etc) | Mutual Funds Acc. | | | | |
| 6 Principal repaid | - O - | | | | |
| 7 Investment Program (Finivest, Diamond, etc) | Finivest | | | | |

## DIVIDENDS and/or INTEREST

Total Dividends or Interest received        $ 13,500.00

How were the Dividends or Interest payments made?   (check, cash, wire)   CASH / CHECK

Frequency of Dividends or Interest payments (monthly, qtrly, etc)   MONTHLY

Were Dividends or Interest payments added to your principal rather than paid?   NO

## OTHER

DFJ sales representative        1. ROBERT TROY CARON /
                                2. MICHAEL BROWN

What rate of interest or return was promised?        24 %

Did you receive DFJ Account Ledgers or statements?        YES   (NO)

## SUPPORTING DOCUMENTS

Please attach copies of supporting documents, such as loan agreements, account ledger statements, correspondence, etc. Do not send originals. If you have previously sent your supporting documents to the Trustee, please disregard.

EXHIBIT   11   PAGE   141

1  ALBERT, WEILAND & GOLDEN, LLP
   Theodor C. Albert #81449
2  Steven J. Katzman #132755
   Saar Swartzon #198732
3  650 Town Center Drive, Suite 1350
   Costa Mesa, California 92626
4  Telephone:  (714) 966-1000
   Facsimile:  (714) 966-1002
5
   Special Counsel for Thomas H. Casey,
6  Chapter 7 Trustee

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11  In re                      )   Case No. SA 00-12295 JR
                               )
12  DFJ ITALIA, LTD.,          )   Chapter 7 Case
                               )
13                             )   NOTICE OF LAST DATE TO FILE
                               )   PROOFS OF CLAIM
14                             )
                               )   [Federal Rule of Bankruptcy
15              Debtor.        )   Procedure 3003(c)(3)]
                               )
16                             )   (No Hearing Required)
                               )
17                             )
                               )
18  _____)

19  TO ALL CREDITORS AND PARTIES INTEREST:

20      PLEASE TAKE NOTICE that the United States Bankruptcy Court

21  has fixed December 31, 2000 as the last date by which creditors in

22  the case of DFJ ITALIA, LTD., ("Debtor") may file proofs of claim.

23      If you believe you are owed a debt by the Debtor, you must

24  file a proof of claim in order to share in a distribution of

25  estate assets.  If you do not timely file a proof of claim, your

26  claim against the estate will be barred and you will not

27  participate in any distribution to be paid to creditors from

28  estate funds in this case.

cmy/cas01/0039/notice.clms                  1                          NOTICE

EXHIBIT___11___PAGE_142_

1    PLEASE TAKE FURTHER NOTICE that if your claim is based on any

2    writing, you must attach copies of any and all such writings to

3    the proof of claim or provide an adequate explanation of your

4    inability to do so.  Failure to do so will render your claim

5    subject to objection and possible disallowance.

6        PLEASE TAKE FURTHER NOTICE that in addition to filing your

7    proof of claim with the Ronald Reagan Federal Building, located at

8    411 West Fourth Street, Santa Ana, California 92712, you must mail

9    a copy of the complete proof of claim to general counsel to the

10   Trustee, James Joseph, of counsel to Danning, Gill, Diamond &

11   Kolitz, LLP, 2029 Century Park E., 3rd. Floor, Los Angeles,

12   California, 90067-1904.

13       For your convenience, a proof of claim form is enclosed.

14

15   DATED:  October 31, 2000          ALBERT, WEILAND & GOLDEN

16

17                                     By: _____

18                                         JEFFREY I. GOLDEN
                                           Special Counsel for Thomas H.
19                                         Casey, Chapter 7 Trustee

20

21

22

23

24

25

26

27

28

copy/cas01/0039/notice.bes                    2                            NOTICE

EXHIBIT 11      PAGE 143

12/26/00

United States Bankruptcy
Central District Of California
Santa Ana Division

Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, California 92712

Re:  DFJ Italia, Ltd.
       Case # SA 00-12295
       Proof of Claim

To Whom It May Concern:

I, Donald Rippy Proctor Jr., am aware that Leon F. Brady Jr., is in the process of filing a proof of
claim.  He is my father-in-law.  Our investments were entered separately, just with this same firm
of Robert Caron.
And Associates, Attorneys At Law, in Oxnard Ca.  I myself, never received any paperwork from
anyone, to file this proof of claim.  I had to obtain it from my father-in-law.  If you have any
questions, please contact me at 205-410-3634 or 205-410-2222.

Sincerely,

Donald R. Proctor  Jr.

Cc:  James Joseph, Danning, Gill, Diamond &Kolitz, LLP

EXHIBIT____11____ PAGE _144_

# Itemization
## Donald R. Proctor

DFJ Italia Investment
Initial Investment-$50,000.00
Received interest payments from 1/99 to 1/2000 of $1000.00 a month
Beginning 2/2000 received 1 interest payment in the amount of $500.00
Due to date in interest payments not received on initial investment $10,500.00

Total principal due from finivest contract $50,000.00
Total interest not paid on investment to date $10,500.00

Total debt owed to Donald R. Proctor on investment contract $60,500.00

EXHIBIT ___11___ PAGE 145

DFJ the "Managing Director," hereinafter referred to as "MD," of the Finivest Bridge
Fund, and Donald Proctor, the "Bridge Associate," hereinafter referred to as "BA,"
agree:

That "MD" solely owns and controls one hundred percent of all outstanding shares in the
Finivest Bridge Fund: and

That "BA" acknowledges and ratifies that he/she, by way of investment/loan agreement,
holds no shares, stocks, partnership shares (general or limited) in neither DFJ, Finivest,
LTD, the Finivest Bridge Fund, nor any of their subsidiaries; and,

FURTHERMORE, the "BA" will indemnify the "MD," its subsidiaries, holding, officers
and employees for any claim or liability arising out of their activities on behalf of the
FUND unless such claim or liability was the result of negligence or misconduct.

ALSO, the "BA" shall have no right at any time to audit the books and records of the
"MD," its subsidiaries, holding officers and employees; nor shall the "BA," his/her
agent(s), and/or representative(s) have any voice in the day-to-day operations of either
the FUND or the "MD."

Donald Proctor's sole relationship to the FUND and "MD" is best described as a **Bridge
Fund Depositor, or Bridge Associate.**

Donald Proctor shall be admitted as a **Bridge Associate** upon the terms and conditions
set forth herein:

The "BA" shall place on deposit with the Managing Director, DFJ, the sum of Fifty
Thousand and No Cents, in U.S. Funds ($50,000.00 ) for a period of eighteen months,
during which the "BA" agrees not to withdraw any portion of the principal. Upon
completion of the initial term of the investment/loan agreement, it shall be automatically
renewed for every 18 months for another eighteen month period, unless the "BA" notifies
the "MD" in writing that he/she desires to terminate his/her investment/loan agreement.

Except for the initial eighteen-month period, the "BA" may choose to terminate, in
writing, his/her contract at any time for any reason. Upon receipt of written notification
of termination of his/her investment/loan agreement, the "MD" shall deliver to the "BA"
his/her principal deposit plus accrued interest within 14 days of said notice.

Upon the death, incapacity, or legal disability of the "BA," the "MD" shall return his/her
principal deposit plus accrued interest within 14 days, to the herein designated

1

EXHIBIT  11  PAGE  14/

beneficiary of the "BA", such Designated Beneficiary being. *As stated in will. (Executor)*
The "BA" shall provide the "MD" with a valid picture ID, the SS#, and any other such
documentation so as to properly identify the above named designated beneficiary.

The "MD" shall pay a Guaranteed annual interest rate of 24% on the principal deposit.

Interest payments on the principal deposit shall be paid monthly at the rate of 2% per
month, based on the initial investment/loan deposit in $US.

The "BA" understands that the FINIVEST BRIDGE FUND is a DFJ offshore investment
vehicle, and as such is not responsible to report to the United States Government any
earnings, dividends or interest payments made to ins Investment/Loan Depositors (BA).

It is the Bridge Associates responsibility to report all earning to the United States
Government and pay the appropriate taxes.

The "BA" agrees to indemnify and hold harmless the Finivest Bridge Fund, DFJ. Its
subsidiaries, holding, officers and employees in the event of any legal action taken by the
United States Government and its agencies for non-payment of taxes. This Finivest
bridge fund is backed and guaranteed by DFJ Italia, Ltd

I would like my monthly interest payments in the form of (select one):

Check
☐ Wire Transfer into my personal account
☐ Direct deposit to offshore account
☐ Roll Over
☒ CASH

**Make checks payable to DFJ**

Bridge Associates name and address:

| Name | Donald Proctor |
|---|---|
| Address | P.O. Box 381074 |
| City/State/zip code | Birmingham, AL, 35238 |
| Telephone | (205) 368-5443 |
| E-mail / fax | (205) 408-7492 |

DOB: 6/5/61  Soc. Sec.# 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    Drivers Lic.# 4725 77 0

12-05-05  20:07  FAX                                                                 @04

EXHIBIT  11  PAGE 147

| Name | Ken Kuczway |
|---|---|

| Name | Ken Kuczway |
| --- | --- |
| Address | 18831 Von Karmen Suite 220 |
| City/State/zip code | Irvine CA. 92612 92715 |
| Telephone | (714)955-2490 ext.205 |
| E-mail / fax | (714)955-2497 |

**Agreed to and signed this Date:**

**DFJ Representative**

Donald Proctor
Bridge Associate

Ken Kuczway, DFJ.
18831 Von Karmen Ave. Ste 220
Irvine, CA. 92612
714-955-2490
Ext. 205

3

EXHIBIT ____ll____ PAGE 148

# GUARANTY AGREEMENT

This Guaranty Agreement ("Guaranty") is made effective as of December 4, 1998, by Robert Troy Caron ("Guarantor"), and this Guaranty is being given to Donald Proctor ("Investor"), for his further security interest in placing his money for investment with DFJ Italia Bridge Fund.

I.     **OBLIGATIONS.** This Guaranty is given by the Guarantor to Investor to independently secure his $100,000.00 (one hundred thousand dollar) investment with DFJ Italia, and in consideration of the Investor placing these funds with DFJ Italia Bridge Fund, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and further acknowledging that the Investor intends to rely on this Guaranty, the Guarantor absolutely and unconditionally guarantees prompt payment when due of all interest and principal of the DFJ Italia investment.

II.    **LIMITATION OF AMOUNT.** The liability of the Guarantor pursuant to this Guaranty shall not, at any time, exceed the sum of $100,000.00, plus 24% of any unpaid interest

III.   **DURATION.** This is a continuing Guaranty and shall not be revoked by the Guarantor. This Guaranty will remain effective until all obligations of DFJ Italia guaranteed by this Guaranty are completely discharged, including principal and all interest.

IV.    **NOTICE OF DEFAULT.** The Investor shall be required to notify the Guarantor of any default before proceeding against the Guarantor under this Guaranty. The Guarantor agrees to cure any default within 10 days of notice.

V.     **INVESTOR PROVISIONS.** The Guarantor expressly waives diligence on the part of the Investor in collection of any part of the debt or other obligation owed by DFJ Italia. Further, the Creditor has no duty to bring suit against DFJ Italia (for collection of the debt or other performance which is due) before proceeding against the Guarantor. The Guarantor waives notice of the acceptance of this Guaranty and of any and all such indebtedness and liability. The Guarantor waives presentment, protest, notice, demand, or action on delinquency in respect of any such indebtedness or liability, including any right to require the Investor to sue or otherwise enforce payment thereof. Until all obligations of DFJ Italia to the Investor have been satisfied in full, the Guarantor waives all rights of subrogation to any collateral and remedies of the Investor against DFJ Italia, and other persons or entities.

VI.    **AUTHORITY TO ALTER OBLIGATION.** The Guarantor agrees that with notice to the Guarantor, the Investor may change the terms of payment or performance by DFJ Italia to the Investor. In this event, the Guarantor shall not be released from any responsibility on the obligations of DFJ Italia.

VII.   **ASSIGNMENT.** This Guaranty (a) shall bind the successors and assigns of the Guarantor (this Guaranty is not assignable by the Guarantor without the express written consent of the Investor, and is not affected by the death of the Guarantor), (b) shall inure to the Investor, its successors

EXHIBIT ___11___ PAGE 149

**VIII.** **ENTIRE AGREEMENT.** This Guaranty contains the entire agreement of the parties with respect to the subject matter of this Guaranty and there are no other promises or conditions in any other agreement, whether oral or written. This Guaranty supersedes any prior written or oral agreements between the parties with respect to the subject matter of this Guaranty.

**IX.** **AMENDMENT.** This Guaranty may be modified or amended, if the amendment is made in writing and is signed by both parties.

**X.** **SEVERABILITY.** If any provision of this Guaranty shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Guaranty is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**XI.** **WAIVER OF CONTRACTUAL RIGHT.** This Guaranty shall be governed by the laws of the State of California.

**XII.** **RECEIPT.** The Guarantor acknowledges receipt of a copy of this Guaranty.

Guarantor: _____

Robert Troy Caron

Investor: _____

Donald Proctor

EXHIBIT ___11___ PAGE _150_

# ROBERT CARON
# AND ASSOCIATES
## ATTORNEYS AT LAW

FINANCIAL PLAZA TOWER, 300 ESPLANADE DRIVE, SUITE 1840, OXNARD CA 93030    (805) 981-4383 FAX: (805) 981-4390

**OFFICE MANAGER**
LORI O. CARON

**ADMINISTRATOR**
JOSEPH BILLINGSLEY, PH.D.

**ATTORNEY**
ROBERT TROY CARON

**OF COUNSEL**
PHIL FELDMAN

**VENTURA OFFICE**
7512 FOOTHILL ROAD
VENTURA, CA 93003
TELEPHONE (805) 671-5892
FAX: (805) 671-5609

**INTERNET**
http://caronlaw.com

December 4, 1998

Mr. Donald Proctor            **EXPRESS MAIL**
Post Office Box 381074
Birmingham, Alabama    35238

RE:    DFJ INVESTMENT

Dear Donald:

It was nice to talk with you these past few days regarding the above-referenced matter.
At the request of Mike Brown I am forwarding to you your initial investment contract
with DFJ, as well as the personal guarantee that we discussed.

I would appreciate your signing the investment contract where indicated, and returning the
original to me in the Express Mail envelope which has been enclosed for your
convenience.  A copy of this contract is also enclosed for your records.

Please give me a call when you receive these documents, so that we may discuss this
matter in further detail.

Thank you for your courtesy and cooperation herein, and I look forward to speaking with
you soon.

Sincerely,                                    1-888-515-3230

ROBERT CARON AND ASSOCIATES
ATTORNEYS AT LAW

Robert Troy Caron
Attorney at Law

RTC:ldc
Enc.

EXHIBIT ___11___  PAGE _151_

D. R. PROCTOR
1410 Heatherbrooke Road
Birmingham, Al 35242

1601

61-569/820

DATE 12/9/97

PAY TO THE
ORDER OF _____ DEJ _____ | $ 50,000 00

Fifty Thousand and 00 _____ DOLLARS

**Regions** Bank

FOR _____ DEJ initial Deposit _____   D. R. Proctor

⑈062005690⑈ 14 2169 6865⑈ 1601

ROBERT CARON
AND ASSOCIATES
ATTORNEYS AT LAW

1857 Calle Alberca, Camarillo, CA 93010 (805) 383-2712 (805) 383-2715 fax http://caronlaw.com

OFFICE MANAGER
LORI D. CARON

ADMINISTRATOR
JOSEPH BILLINGHERE, PH.D

ATTORNEYS
ROBERT TROY CARON

OF COUNSEL
PHIL FELDMAN

April 4, 2000

Mr. Donnie Proctor
Post Office Box 381074
Birmingham, Alabama  35238

**RE:   DFJ ITALIA, INC.**

Dear Donnie:

As you may be aware from our previous discussions, in a stunning series of developments, DFJ Italia, Inc. has closed its doors, and all investments with them appear to be in very serious jeopardy. I have retained two separate law firms to represent our interests in this matter, and had planned on filing suit against DFJ and any other responsible person by this time. However, DFJ has already been involuntarily placed into bankruptcy, and a United States Bankruptcy Court is searching for any assets of DFJ at this time. We may join this action or initiate our own litigation in the near future.. I will keep you advised of any developments as we go forward.

While the company professes hope to recover the missing funds from the person it alleges embezzled them, I feel that remains very doubtful. I realize that when you made this investment, some of you may have done so partly based upon my recommendation, and for many friends and family, I even signed a Personal Guarantee on their DFJ Italia, Inc. investment. Even though myself and my family members stand to lose a very substantial amount of money at DFJ Italia, Inc., I fully intend to stand behind any guarantees that I have signed. I am now in the process of reorganizing some matters, and in the meanwhile I would like to meet with you in person to discuss your personal situation, and to mutually agree upon a solution to this apparent loss. Accordingly, I will be contacting you within the next few days to discuss this matter

Thank you for your courtesy, cooperation, and patience in this matter.

Sincerely,

ROBERT CARON AND ASSOCIATES
ATTORNEYS AT LAW

Robert Troy Caron
Attorney at Law

RTC:ldc

EXHIBIT ___4___ PAGE 153

# Exhibit 12

Official Form 10 (Rev 4/)

UNITED STATES BANKRUPTCY COURT     CENTRAL DISTRICT OF CALIFORNIA | **PROOF OF CLAIM**

| Name of Debtor | Case Number |
|---|---|
| DFJ ITALIA, LTD. | SA 00-12295 JR |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

_Martin Richards_

Name and address where notices should be sent:

_440 Angusta Ave_
_Placentia CA 92807_

Telephone number: _562 755 2121_

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☒ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
☐ Wages, salaries, and compensations (Fill out below)

Your SS #: _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_

Unpaid compensation for services performed
from _____ to _____
(date)       (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate   ☐ Motor Vehicle
- ☒ Other _Cash_

Value of Collateral: $ _23,000.00_

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _23,000.00_

**6. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( _____ ).

* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

C#258
5/17/05

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12-22-00 | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT _12_ PAGE _157_

## Supplemental Information Request

If you hold a claim against the Debtor as of March 20, 2000, you must fill out the attached Proof of Claim form in order for the Trustee to recognize your claim.  The following supplemental information request does not replace the Proof of Claim form. The following information is being requested by the Trustee to supplement the Debtor's records and bank documentation.  This information will assist the Trustee in the evaluation of the accuracy and completeness of the Debtor's records and in the processing of claims.  If you did not invest in investment programs of the Debtor, you do not need to complete this form.

**ACCOUNT HOLDER NAME** _____

## INVESTMENT OR LOANS

| | Investment 1 | Investment 2 | Investment 3 | Investment 4 | Investment 5 |
|---|---|---|---|---|---|
| 1 Amount Invested | *about* $23,000 | $ | $ | $ | $ |
| 2 Date Invested | | | | | |
| 3 Investment form (cash, check, wire, etc) | Check | | | | |
| 4 Payee - Who was check payable to? | DFJ Italia | | | | |
| 5 Source of Funds (IRA, Pension, 401K, etc) | ✓ | | | | |
| 6 Principal repaid | | | | | |
| 7 Investment Program (Finivest, Diamond, etc) | | | | | |

## DIVIDENDS and/or INTEREST

Total Dividends or Interest received                          $_____

How were the Dividends or Interest payments made?   (check, cash, wire)   _____

Frequency of Dividends or Interest payments (monthly, qtrly, etc)   _____

Were Dividends or Interest payments added to your principal rather than paid?   _____

## OTHER

DFJ sales representative                                      *Guy Schweli*

What rate of Interest or return was promised?                20 %

Did you receive DFJ Account Ledgers or statements?      YES    (NO)

## SUPPORTING DOCUMENTS                    EXHIBIT __12__  PAGE __155__

Please attach copies of supporting documents, such as loan agreements, account ledger statements, correspondence, etc.
Do not send originals.  If you have previously sent your supporting documents to the Trustee, please disregard.

**Exhibit 13**

**Name of Debtor**
DFJ ITALIA, LTD.

CENTRAL District CALIFORNIA

**Case Number**
SA 00-12295 JR

**PROOF OF CLAIM**

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

ROBERT E. TRAVIS

**Name and address where notices should be sent:**

203. SOUTH JUANITA AVE
REDONDO BEACH, CA 90277

**Telephone number:** 562-755-2120

☑ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**Account or other number by which creditor identifies debtor:**

1000054

Check here ☐ replaces
if this claim ☐ amends
a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
- ☐ Wages, salaries, and compensations (Fill out below)

Your SS #: ___ - __ - ____

Unpaid compensation for services performed
from _____ to _____
(date)          (date)

**2. Date debt was incurred:** 4 6 99

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**   $ 61,498.55

☐ If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate
- ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**

☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 61,498.55
Specify the priority of the claim:

- ☐ Wages, salaries, or commissions (up to $4,300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (___).

* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

N# 259
5/17/05

**Date**
12/22/00

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT 13   PAGE 156

## Supplemental Information Request

If you hold a claim against the Debtor as of March 20, 2000, you must fill out the attached Proof of Claim form in order for the Trustee to recognize your claim. The following supplemental information request does not replace the Proof of Claim form. The following information is being requested by the Trustee to supplement the Debtor's records and bank documentation. This information will assist the Trustee in the evaluation of the accuracy and completeness of the Debtor's records and in the processing of claims. If you did not invest in investment programs of the Debtor, you do not need to complete this form.

**ACCOUNT HOLDER NAME** _____

## INVESTMENT OR LOANS

| | Investment 1 | Investment 2 | Investment 3 | Investment 4 | Investment 5 |
|---|---|---|---|---|---|
| 1 Amount Invested | $20,000 | $23,339 59 | $18,158 90 | $ | $ |
| 2 Date Invested | 4/6/99 | 4/29/99 | 7/30/99 | | |
| 3 Investment form (cash, check, wire, etc) | CHECK | CHECK | CHECK | | |
| 4 Payee - Who was check payable to? | K-COMM, IN | DFJ | DFJ | | |
| 5 Source of Funds (IRA, Pension, 401K, etc) | | IRA | 401K | | |
| 6 Principal repaid | O | O | O | | |
| 7 Investment Program (Finivest, Diamond, etc) | FINIVEST | FINIVEST | FINIVEST | | |

## DIVIDENDS and/or INTEREST

Total Dividends or Interest received                                      $ 6674

How were the Dividends or Interest payments made?   (check, cash, wire)     CASH

Frequency of Dividends or Interest payments (monthly, qtrly, etc)          MONTHLY

Were Dividends or Interest payments added to your principal rather than paid?     NO

## OTHER

DFJ sales representative                                          GUY SCARPELLI

What rate of interest or return was promised?                      24      %

Did you receive DFJ Account Ledgers or statements?            (YES)    NO

## SUPPORTING DOCUMENTS

EXHIBIT  13   PAGE 157

Please attach copies of supporting documents, such as loan agreements, account ledger statements, correspondence, etc. Do not send originals. If you have previously sent your supporting documents to the Trustee, please disregard.

# *Finivest Bridge Funding*
# *Investment/Loan Agreement*

DFJ, the "Managing Director" hereinafter referred to as "MD," of the Finivest Bridge Fund, and *Robert E. Travis*_____, the "Bridge Associate," hereinafter referred to as "BA," agree:

That "MD" solely owns and controls one hundred percent of all outstanding shares in the Finivest Bridge Fund; and

That "BA" acknowledges and ratifies that he/she, by way of its investment, holds no shares, stocks, partnership shares (general or limited) in neither DFJ, Finivest, LTD, Finivest Bridge Fund, nor any of their subsidiaries.

ALSO, the "BA" shall have no right at any time to audit the books and records of the "MD," its subsidiaries, holding, officers and employees; nor shall the "BA," his/her agent(s), representative(s) have any voice in the day-to-day operations of either Finivest Bridge Fund, or the "MD."

*Robert E. Travis*_____ 's Sole Relationship to the FUND and the "MD" is best described as a *Bridge Fund Depositor*, or *Bridge Associate*.

*Robert E. Travis*_____ shall be admitted as a Depositor upon the terms and conditions set forth herein:

The "BA" shall place on deposit with the Managing Director, DFJ, the sum of *23,339.59* $US for a period of eighteen months, during which the "BA" agrees not to withdraw any portion of the principle. Upon completion of the initial term of the investment/loan agreement, it shall be automatically renewed at a guaranteed 24% annual interest rate for another eighteen-month period unless the "BA" notifies the "MD" in writing that he/she desires to terminate his/her investment/loan agreement.

Except for the initial eighteen-month period, the "BA" may choose to terminate, in writing, his/her contract at any time for any reason. Upon receipt of written notifications of termination of his/her investment/loan agreement, the "MD" shall deliver to the "BA" his/her principle deposit plus accrued interest within 14 days of said notice.

If the "BA" chooses to terminate the contract prior to the initial 18 month agreement, the "MD" shall deliver the principle investment minus all interest paid to "BA" within 14 days of said notice.

Upon Death, incapacity, or legal disability of the "BA," the "MD" shall contact said beneficiary and offer the option of returning said principle and accrued interest within 14 days or leaving said contract in place and allow the beneficiary to assume said contract and receive all interest payments from that day forward.

The "MD" shall pay a guaranteed annual interest rate of 24% on the principal deposit.

Interest payments on the principal deposit shall be paid monthly at the rate of 2% per month based on the initial investment deposit amount in $US.

The "BA" understands that Finivest Bridge Fund is a DFJ offshore investment vehicle and is not responsible to report to the United States Government any earnings, dividends or interest payments made to its Investment/Loan Depositors (BA).

EXHIBIT __13__   PAGE __158__

It is the Depositors responsibility to report all earnings to the United States Government and pay the appropriate taxes.

The "BA" agrees to indemnify and hold harmless the Finivest Bridge Fund, DFJ, its subsidiaries, holding, officers and employees in the event of any legal action taken by the United States Government and its agencies for nonpayment of taxes. Finivest Bridge Fund Bank is backed and guaranteed by DFJ Italia, LTD.

I would like my monthly interest payments in the form of (select one):

- ☐ Check
- ☐ Wire Transfer into my personal account
- ☐ Direct deposit to offshore account
- ☐ Roll Over
- ☒ *CASH*

*Payments begin on June 15, 1999 at 466.00 per month*

**Make checks payable to DFJ**

Depositor name and address:

| Name | *Robert E. Travis* |
| Street Address | *203 South Juanita Ave.* |
| City/State/Zip code | *Redondo Beach, CA 90277* |
| Telephone | *(714) 299-3677* |
| E-Mail/Fax | |

DOB:_____ Soc. Sec. #_____-___-_____ Drivers Lic. #_____

Beneficiary name and address:

| Name | *Rebecca R. Travis (Sister)* |
| Street Address | *17077 San Ricardo St.* |
| City/State/Zip code | *Fountain Valley, CA 92708* |
| Telephone | *(714) 963-6349* |
| E-Mail/Fax | |

DOB:_____ Soc. Sec. #_____-___-_____ Drivers Lic. #_____

DFJ Representative:

| Name | Guy F. Scarpelli |
| Street Address | 18881 Von Karman Ave. Suite 220 |
| City/State/Zip code | Irvine, CA. 92612 |
| Telephone | 949-955-2490 x 206 |
| E-Mail/Fax | Guy@DFJItalia.com / 949-955-2497 |

Agreed to and signed this day: *April 28, 1999* Representative:

X_____      *Guy F. Scarpelli*
Signature of Depositor                Guy F. Scarpelli
                                      18881 Von Karman Ave. Suite 220
                                      Irvine, CA. 92612
                                      949-955-2490 Ext. 206

EXHIBIT 13 PAGE 159

AETNA LIFE INSURANCE AND ANNUITY CO
CUSTOMER SERVICE
151 FARMINGTON AVE
HARTFORD CT 06156-1277

**Ætna**

0000206912

Page 1 of 1

**Check Date:** May 03, 1999

000038
DFJ ITALIA
FBO ROBERT E TRAVIS
ATTN GUY F SCARPELLI
18881 VON KARMAN AVE STE220
IRVINE CA 92612-1500

A410708                     VF8723/7556033338723QM

FULL SURRENDER     05/03/99 DFJ ITALIA                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

| | |
|---|---|
| GROSS AMOUNT | 24,207.10 |
| MVA ADJUSTMENT | .00+ |
| ADJ. GROSS AMOUNT | 24,207.10 |
| MAINTENANCE FEE | 30.00 |
| SURRENDER FEE | 837.51 |
| LOAN OUTSTANDING | .00 |
| FEDERAL INCOME TAX | .00 |
| STATE INCOME TAX | .00 |
| MUNICIPAL INCOME TAX | .00 |
| NET CHECK AMOUNT | 23,339.59 |

TRANSF SSN # 560333316

DIRECT INQUIRIES AND ADDRESS CHANGES TO
AETNA LIFE INSURANCE AND ANNUITY CO
CUSTOMER SERVICE
151 FARMINGTON AVE
HARTFORD, CT 06156-1277
1-800-531-4547

---

AETNA LIFE INSURANCE AND ANNUITY CO
CUSTOMER SERVICE
151 FARMINGTON AVE
HARTFORD, CT 06156-1277

**Ætna**

64-9
531

0000206912

7556033338723QM/A410708/43380

**PAY EXACTLY**
*Twenty three thousand three hundred thirty nine and 59/100 Dollars*

| Date | Net Amount |
|---|---|
| May 03, 1999 | **$23,339.59** |

TO THE ORDER OF
000038
DFJ ITALIA
FBO ROBERT E TRAVIS
ATTN GUY F SCARPELLI
18881 VON KARMAN AVE STE220
IRVINE CA 92612-1500

Wachovia Bank, N.A.
Winston-Salem, NC 27150

Authorized Signature

EXHIBIT 10 PAGE 100

⑆0000206912⑆ ⑉053100494⑉0187365056904⑈

# *Finivest Bridge Funding*
# *Investment/Loan Agreement*

DFJ, the "Managing Director" hereinafter referred to as "MD," of the Finivest Bridge Fund, and
_Robert Travis_____, the "Bridge Associate," hereinafter referred to as "BA," agree:

That "MD" solely owns and controls one hundred percent of all outstanding shares in the Finivest Bridge
Fund; and

That "BA" acknowledges and ratifies that he/she, by way of its investment, holds no shares, stocks,
partnership shares (general or limited) in neither DFJ, Finivest, LTD, Finivest Bridge Fund, nor any of
their subsidiaries.

ALSO, the "BA" shall have no right at any time to audit the books and records of the "MD," its
subsidiaries, holding, officers and employees; nor shall the "BA," his/her agent(s), representative(s) have
any voice in the day-to-day operations of either Finivest Bridge Fund, or the "MD."

_Robert E. Travis_____ 's Sole Relationship to the FUND and the "MD" is best described as a
*Bridge Fund Depositor*, or *Bridge Associate*.

_Robert E. Travis_____ shall be admitted as a Depositor upon the terms and conditions set forth
herein:

The "BA" shall place on deposit with the Managing Director, DFJ, the sum of _18,158.96_ $US for a
period of eighteen months, during which the "BA" agrees not to withdraw any portion of the principle.
Upon completion of the initial term of the investment/loan agreement, it shall be automatically renewed at
a guaranteed 24% annual interest rate for another eighteen-month period unless the "BA" notifies the
"MD" in writing that he/she desires to terminate his/her investment/loan agreement.

Except for the initial eighteen-month period, the "BA" may choose to terminate, in writing, his/her
contract at any time for any reason. Upon receipt of written notifications of termination of his/her
investment/loan agreement, the "MD" shall deliver to the "BA" his/her principle deposit plus accrued
interest within 14 days of said notice.

If the "BA" chooses to terminate the contract prior to the initial 18 month agreement, the "MD" shall
deliver the principle investment minus all interest paid to "BA" within 14 days of said notice.

Upon Death, incapacity, or legal disability of the "BA," the "MD" shall contact said beneficiary and offer
the option of returning said principle and accrued interest within 14 days or leaving said contract in place
and allow the beneficiary to assume said contract and receive all interest payments from that day forward.

The "MD" shall pay a guaranteed annual interest rate of 24% on the principal deposit.

Interest payments on the principal deposit shall be paid monthly at the rate of 2% per month based on the
initial investment deposit amount in $US.

The "BA" understands that Finivest Bridge Fund is a DFJ offshore investment vehicle and is not
responsible to report to the United States Government any earnings, dividends or interest payments made
to its Investment/Loan Depositors (BA).

EXHIBIT___13___ PAGE _161_

It is the Depositors responsibility to report all earnings to the United States Government and pay the appropriate taxes.

The "BA" agrees to indemnify and hold harmless the Finivest Bridge Fund, DFJ, its subsidiaries, holding, officers and employees in the event of any legal action taken by the United States Government and its agencies for nonpayment of taxes. Finivest Bridge Fund Bank is backed and guaranteed by DFJ Italia, LTD.

I would like my monthly interest payments in the form of (select one):

- ☑ Check
- ☐ Wire Transfer into my personal account
- ☐ Direct deposit to offshore account
- ☐ Roll Over

**Make checks payable to DFJ**

*Dividend payments begin on Sept. 1st 19 at 363.00 per month*

Depositor name and address:

| Name | Robert Travis |
|---|---|
| Street Address | 203 South Juanita Ave |
| City/State/Zip code | Redondo Beach, CA 90277 |
| Telephone | (714) 299-3679 |
| E-Mail/Fax | |

DOB:_____ Soc. Sec. #_____-____-_____ Drivers Lic. # _____

Beneficiary name and address:

| Name | Rebecca A Travis (sister) |
|---|---|
| Street Address | |
| City/State/Zip code | |
| Telephone | |
| E-Mail/Fax | |

DOB:_____ Soc. Sec. #_____-____-_____ Drivers Lic. # _____

DFJ Representative:

| Name | Guy F. Scarpelli |
|---|---|
| Street Address | 18881 Von Karman Ave. Suite 220 |
| City/State/Zip code | Irvine, CA. 92612 |
| Telephone | 949-955-2490 x 206 |
| E-Mail/Fax | Guy@DFJItalia.com / 949-955-2497 |

Agreed to and signed this day: 7/30/99    Representative:

_____    _____
Signature of Depositor    Guy F. Scarpelli
    18881 Von Karman Ave. Suite 220
    Irvine, CA. 92612
    949-955-2490 Ext. 206

EXHIBIT 13    PAGE 162

Delaware Management Trust Company, Inc.

Distribution Account

| PLAN | PAYABLE DATE | NET AMOUNT |
|------|-------------|-----------|
| FSF1 | 7/28/99 | $ ******18,158.96 |

PAY TO

DFJ ITALIA IRA
FBO ROBERT RAVIS
ATTN. GUY SCARPELLI
18881 VON KARMAN AVE
SUITE 220
IRVINE        CA    92612

FIRST UNION®

10037509

3-50
310

AUTHORIZED SIGNATURE

⑈10037509⑈ ⑆031000050⑆ 1⑉000003147554⑈

EXHIBIT 13 PAGE 163

**Account Ledger**

| | | | | | |
|---|---|---|---|---|---|
| **Account Number** 10000514 | | **SSN/Tax ID** | | | **Statement Date: 05/08/99** |
| | | | | | Page 1 |

**Account Holder**  Travis, Robert E.

**Address**        203 South Juanita Ave.
                   Redondo Beach, CA 90277
                   US

**Phone**          (714) 299-3679

**Account Type** Finivest

**Account Rep**  Guy F. Scarpelli

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-19988 | 04/06/99 | * | Initial Deposit | | 20,000.00 |
| DFJ-22292 | 04/28/99 | 002 | Deposit | | 23,339.59 |
| | | | **Total Activity** | **0.00** | **43,339.59** |

**Ending Balance**
**$43,339.59**

EXHIBIT  13  PAGE 164

**Account Number** 10000514                **SSN/Tax ID**                **Statement Date:** 08/04/99

**Account Holder**   Travis, Robert E.                                                Page 1

**Address**          203 South Juanita Ave.
                     Redondo Beach, CA 90277
                     US

**Phone**            (714) 299-3679

**Account Type** Finivest

**Account Rep** Guy F. Scarpelli

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-19988 | 04/06/99 | * | Initial Deposit | | 20,000.00 |
| DFJ-22292 | 04/28/99 | 002 | Deposit | | 23,339.59 |
| DFJ-22737 | 05/15/99 | 001 | Dividend Earnings | | 400.00 |
| DFJ-22738 | 05/15/99 | 004 | Dividend Payout | 400.00 | |
| DFJ-23861 | 06/15/99 | 001 | Dividend Earnings | | 866.79 |
| DFJ-23862 | 06/15/99 | 004 | Dividend Payout | 866.79 | |
| DFJ-25013 | 07/15/99 | 001 | Dividend Earnings | | 866.79 |
| DFJ-25014 | 07/15/99 | 004 | Dividend Payout | 866.79 | |
| DFJ-25227 | 07/30/99 | 002 | Deposit | | 18,158.96 |
| | | | **Total Activity** | **2,133.58** | **63,632.13** |

**Ending Balance**
**$61,498.55**

EXHIBIT 13 PAGE 145



**DFJ** *Inc.*

**Account Num** 10000514

**SSN/Tax ID**

**01/20/00**

**Page** 1

**Account Address**

Travis, Robert E.
203 South Juanita Ave.
Redondo Beach, CA 90277
US

**Statement Period:**
**From** 12/16/99
**Thru** 01/15/00

**Phone** (714) 299-3679

**Account Type** 001
**Account Rep** 003

**Beginning Balance**
**$61,498.55**

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-3172 | 01/15/00 | 001 | Dividend Earnings | | 1,229.97 |
| DFJ-3172 | 01/15/00 | 004 | Dividend Payout | 1,229.97 | |
| | | | **Total Activity** | **1,229.97** | **1,229.97** |

**Ending Balance**
**$61,498.55**

EXHIBIT 13 PAGE 164



**DFJ** *Inc.*

| | | |
|---|---|---|
| **Account Num** 10000514 | **SSN/Tax ID** | **02/17/00** |
| | | **Page** 1 |
| **Account Address** Travis, Robert E.<br>203 South Juanita Ave.<br>Redondo Beach, CA 90277<br>US | | **Statement Period:**<br>**From** 01/16/00<br>**Thru** 02/15/00 |
| | **Account Type** 001 | **Beginning Balance** |
| **Phone** (714) 299-3679 | **Account Rep** 003 | **$61,498.55** |

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-3281 | 02/15/00 | 001 | Dividend Earnings | | 1,229.97 |
| DFJ-3281 | 02/15/00 | 004 | Dividend Payout | 1,229.97 | |
| | | | **Total Activity** | **1,229.97** | **1,229.97** |

**Ending Balance**
**$61,498.55**

EXHIBIT 13 PAGE 167

DFJ • 18881 Von Karman Avenue • Suite 220 • Irvine, CA 92612-1574 • (949) 955-2490 • Fax (949) 955-2497

# D F J

## _Italia, Ltd._

| | | |
|---|---|---|
| **Account Num** 10000514 | **SSN/Tax ID** | **04/16/99** |
| | | **Page** 1 |
| **Account Address** | Travis, Robert E.<br>203 South Juanita Ave.<br>Redondo Beach, CA 90277<br>US | **Statement Period:**<br>**From** 03/16/99<br>**Thru** 04/15/99 |
| | **Account Type** 001 | **Beginning Balance** |
| **Phone** (714) 299-3679 | **Account Rep** 003 | **$0.00** |

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-1998 | 04/06/99 | * | Initial Deposit | | 20,000.00 |
| | | | **Total Activity** | **0.00** | **20,000.00** |

**Ending Balance**
**$20,000.00**

CK# 5984
Bob Travis Co.    $10,000 —
Glendale Federal Bank  # 014707 0508
CK# NEW ACT
CMC, INC.   $10,000 —
Wells Fargo Bank   Acct# 0495-239550

EXHIBIT 13 PAGE 168

DFJ • 18881 Von Karman Avenue, Suite 220 • Irvine, CA 92612 • (949) 955-2490

# DFJ
## *Italia, Ltd.*

**Account Num** 10000514                **SSN/Tax ID**                          **05/16/99**

**Account**        Travis, Robert E.                                           **Page**    **1**
**Address**        203 South Juanita Ave.
                   Redondo Beach, CA 90277                                     **Statement Period:**
                   US                                                            **From** 04/16/99
                                                                                **Thru** 05/15/99

                                          **Account Type** 001                 **Beginning Balance**
**Phone**          (714) 299-3679         **Account Rep** 003                      **$20,000.00**

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-2229 | 04/28/99 | 002 | Deposit | | 23,339.59 |
| DFJ-2273 | 05/15/99 | 001 | Dividend Earnings | | 400.00 |
| DFJ-2273 | 05/15/99 | 004 | Dividend Payout | 400.00 | |
| | | | **Total Activity** | **400.00** | **23,739.59** |

                                                                               **Ending Balance**
                                                                                 **$43,339.59**

EXHIBIT 13 PAGE 169

DFJ • 18881 Von Karman Avenue, Suite 220 • Irvine, CA 92612 • (949) 955-2490

# DFJ *Italia, Ltd.*

| | | |
|---|---|---|
| **Account Num** 10000514 | **SSN/Tax ID** | **10/17/99** |
| **Account Address** Travis, Robert E. 203 South Juanita Ave. Redondo Beach, CA 90277 US | | **Page** 1 |
| | | **Statement Period:** From 09/16/99 Thru 10/15/99 |
| **Phone** (714) 299-3679 | **Account Type** 001 **Account Rep** 003 | **Beginning Balance** $61,498.55 |

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-2821 | 10/15/99 | 001 | Dividend Earnings | | 1,229.97 |
| DFJ-2821 | 10/15/99 | 004 | Dividend Payout | 1,229.97 | |
| | | | **Total Activity** | **1,229.97** | **1,229.97** |

**Ending Balance**
$61,498.55

EXHIBIT __13__ PAGE __17D__

DFJ • 18881 Von Karman Avenue, Suite 220 • Irvine, CA 92612 • (949) 955-2490

# DFJ
## *Italia, Ltd.*

| | | |
|---|---|---|
| **Account Num** 10000514 | **SSN/Tax ID** | **11/17/99** |

**Account Address**
Travis, Robert E.
203 South Juanita Ave.
Redondo Beach, CA 90277
US

**Page**   1

**Statement Period:**
From 10/16/99
Thru 11/15/99

**Account Type** 001
**Account Rep**   003

**Phone**   (714) 299-3679

**Beginning Balance**
$61,498.55

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-2934 | 11/15/99 | 001 | Dividend Earnings | | 1,229.97 |
| DFJ-2935 | 11/15/99 | 004 | Dividend Payout | 1,229.97 | |
| | | | **Total Activity** | **1,229.97** | **1,229.97** |

**Ending Balance**
$61,498.55

EXHIBIT 13 PAGE 171

DFJ • 18881 Von Karman Avenue, Suite 220 • Irvine, CA 92612 • (949) 955-2490



| Account Num | 10000514 | | SSN/Tax ID | | | | 12/17/99 |
|---|---|---|---|---|---|---|---|

**Account Address**
Travis, Robert E.
203 South Juanita Ave.
Redondo Beach, CA 90277
US

Page **1**

**Statement Period:**
From 11/16/99
Thru 12/15/99

**Account Type** 001
**Account Rep** 003

**Phone** (714) 299-3679

**Beginning Balance**
**$61,498.55**

| Reference Code | Date | Category | Transaction Description | Debits | Credits |
|---|---|---|---|---|---|
| DFJ-3047 | 12/15/99 | 001 | Dividend Earnings | | 1,229.97 |
| DFJ-3047 | 12/15/99 | 004 | Dividend Payout | 1,229.97 | |
| | | | **Total Activity** | **1,229.97** | **1,229.97** |

**Ending Balance**
**$61,498.55**

EXHIBIT __13__ PAGE __172__

DFJ • 18881 Von Karman Avenue • Suite 220 • Irvine, CA 92612-1574 • (949) 955-2490 • Fax (949) 955-2497



**BOB TRAVIS CO.**
OPERATING ACCOUNT
1707 SAN RICARDO STREET
FOUNTAIN VALLEY, CA 92708
(888) 342-5262

5984

GLENDALE FEDERAL BANK FSB
LONG BEACH OFFICE #014
LONG BEACH, CA 90815

90-7005/3222

PAY
TO THE
ORDER OF    K-Comm Inc.

4/6/99

$ 10,000

Ten Thousand & 00/100    DOLLARS

MEMO

⊡ Security features. Details on back.

AUTHORIZED SIGNATURE

⑈005984⑈ ⑆322270055⑆ 01470705081⑈ ⑈000000⑈000⑈

EXHIBIT ___13___ PAGE ___173___

For Deposit Only
R-Comm
0455755470

2122    16579

20112107
LA PROCESSED
04/21/99

122000247
0401999    PMT. 680
TRACR # 1739

02

EXHIBIT___13___ PAGE_174

**Exhibit 14**

UNITED STATES BANKRUPTCY CO...

PROOF OF CLAIM

Name of Debtor
OEU TOTAL... LTD.

Case Number
SA 00-12295 JR

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
LEON F. BRADY, JR.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
LEON F. BRADY JR.
PO BOX 341
SEMMES, AL 36575

☐ Check box if you have never received any notices from the bankruptcy court in this case.

Telephone number

☐ Check box if the address differs from the address on the envelope sent to you by the court.

D0 DEC 28 AM 9: 10
CLERK U...
CENTRAL DI... ...EY COURT
...CALIFORNIA
BY: RA
DEPUTY

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☒ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
   ☐ Wages, salaries, and compensations (Fill out below)
   Your SS #: 423 - 50 - 4605
   Unpaid compensation for services performed
   from _____ (date) to _____ (date)

2. **Date debt was incurred:**

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 75,000
   If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. **Unsecured Priority Claim.**
   ☒ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ 75,000
   Specify the priority of the claim: CASH LOANED TO D.F.S.
   ☐ Wages, salaries, or commissions (up to $4,300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8)
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( )
   * Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY
CL#263

Date: 12-20-2000

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).
LEON F. BRADY JR.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT 14 PAGE 175

# ROBERT CARON
## AND ASSOCIATES
ATTORNEYS AT LAW

1857 Calle Alberca, Camarillo, California  93010  (805) 383-2712    (805) 383-2715 fax

**OFFICE MANAGER**
LORI D. CARON

**ADMINISTRATOR**
JOSEPH BILLINGIERE, PH.D.

**ATTORNEY**
ROBERT TROY CARON

**OF COUNSEL**
PHIL FELDMAN

December 8, 2000

Mr. Leon Brady
Post Office Box 391
Semmes, Alabama  36575

**RE:   DFJ ITALIA**

Dear Leon:

Thank you for the messages which you have left requesting that we forward to you copies of your investment contracts, etc., with DFJ Italia.  I have been tied up with the Vargas v. Trinidad fight for the past couple of weeks, and apologize for not getting right back to you.

Please note that your investment contracts and any file documents were held by DFJ Italia, and I am not in possession of any copies.  However, I believe that the information which you are seeking can be provided by our accounting records.

Our records reflect that you invested $50,000.00 with DFJ Italia on or about March 16, 1999, and were paid $1,000.00 per month on that investment from May 1, 1999 until March 1, 2000, for a total of $11,000.00.  You made an additional investment of $25,000.00 on or about September 1999, and were paid $500.00 per month for that investment from November 1, 1999 until March 1, 2000, for a total of $2,500.00.

Thank you for your courtesy and cooperation herein.  Should you have any questions, or wish to further discuss this matter, please do not hesitate to call.

Sincerely,

ROBERT CARON AND ASSOCIATES
ATTORNEYS AT LAW

Robert Troy Caron
Attorney at Law

RTC:ldc

EXHIBIT 14 PAGE 176